CAMPBELL, Acting Chief Judge.
In this declaratory judgment action on a note and mortgage, appellants, Paul R. Levine, M.D. and Tampa Obstetrics, P.A (T.O.), challenge the final judgment that declared any foreclosure action by T.O. on the note and mortgage executed by appellees, Joseph J. and Deborah F. Saavedra, null and void. We reverse because we conclude that T.O. was not properly before the court in the declaratory judgment proceeding that attempted to nullify any foreclosure rights available to T.O.
In 1988, appellees executed and delivered a $50,075 promissory note and mortgage to Levine, Zweibach and Davis, P.A (LZD), a professional corporation. LZD was subsequently dissolved. Appellant Levine was a member of the last board of directors and trustees for LZD. The $50,075 note was secured by a second mortgage on appellees’ home.
In 1996, contending that the conditions for satisfaction of the mortgage had been met, appellees sued appellant Levine and Stephen Zweibach as the last board of directors and trustees of LZD, a dissolved corporation, seeking to have the note and mortgage declared null and void, and the title to their home quieted by removing the mortgage encumbrance. Subsequently, appellees moved to add T.O. as a party defendant, alleging that T.O. may have received an assignment of the note and mortgage. T.O., in turn, moved to intervene so that it could bring a third party complaint against appellees seeking a declaration that T.O. owned the note and mortgage and also seeking to foreclose the mortgage. The trial judge granted T.O.’s motion to intervene. The trial judge also granted appellees’ motion to add T.O. as a defendant if appellees amended their complaint to add T.O. within twenty days. Ap-pellees never amended their complaint to add T.O. as a party defendant.
Subsequently, T.O.’s third party complaint seeking a declaration as to its ownership of the note and mortgage and foreclosure was severed from appellees’ declaratory action. In doing so, the trial judge stated as follows:
This action is bifurcated. Only the [Plaintiffs’] claims for declaratory judgment and quieting title will be heard. Any claims asserted by the Third Party, TAMPA OBSTETRICS, P.A, will be considered at a later time.
A nonjury trial on appellees’ claims against Levine, Zweibach and LZD proceeded, with the resulting judgment holding as follows:
The Court concludes that the assets of the corporation, including the subject note and mortgage, were not properly transferred. Accordingly, Tampa Obstetrics, P.A., is not a proper assignee or party in interest. Therefore, any foreclosure action by Tampa Obstetrics, P.A, is null and void. Plaintiff is not entitled to a Declaratory Judgment pursuant to Florida Statutes Chapter 86 or a quieting of title to the subject property pursuant to Florida Statutes Chapter 65 because the Court finds that the loan owed to the dissolved corporation constitutes a valid debt and was not forgiven. The debt still belongs to the dissolved corporation. For the foregoing reasons, it is therefore
ORDERED AND ADJUDGED that
1. Plaintiffs are not entitled to the Declaratory Judgment requested.
2. Plaintiffs are not entitled to a quieting of title.
3. Any foreclosure action by Tampa Obstetrics, P.A, is null and void.
Inasmuch as T.O. was not before the court as a party in the nonjury trial, any attempt to adjudicate T.O.’s rights was in error. The judgment is reversed.
PATTERSON and CASANUEVA, JJ., Concur.